# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW MCSHANE,** | : | **CIV NO. 3:21-CV-1396** |
| **Plaintiff,** | : | **(Judge Mannion)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **AGENTS OF INTERNATIONAL MONETARY FUND, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

Matthew McShane's initial *pro se* complaint and exhibits total some 88 pages in length; however, despite its prolix nature there is very little that is clear about this pleading. (Doc. 1). In this lawsuit, the plaintiff identifies himself as "Matthew of the clan McShane," and states that he is affiliated with something ironically called the "Prisoner of Freedom Ministry Trust." It appears that McShane has been the subject of some sort of upset tax sale held by Monroe County Tax Claim Bureau on September 11, 2019, where his property was sold due to unpaid taxes. From this local unpaid tax dispute, McShane's complaint springs forth with a global reach, seeking to name as defendants 17 individuals and entities including the International Monetary Fund, the

1

Secretary of the Treasury, and others including Geoffrey Moulton, the Pennsylvania Court Administrator. The involvement of this array of defendants in the acts complained of by McShane in his complaint is entirely unclear.

McShane has now moved to amend his complaint. (Doc. 18). However, this motion fails to comply with Local Rule 15.1 which provides as follows:

> **LR 15.1 Amended Pleadings.**
>
> **(a) Proposed amendment to accompany the motion.**
>
> When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.
>
> **(b) Highlighting of amendments.**
>
> The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Local Rule 15.1.

In order to afford the plaintiff the opportunity to timely correct and amend his complaint IT IS ORDERED as follows:

1. The plaintiff's motion to amend his complaint, (Doc. 18) is DENIED without prejudice to the filing of a single comprehensive complaint in a manner which complies with Local Rule 15.1.

2. On or before **March 4, 2022**, the plaintiff is directed to prepare a single comprehensive proposed amended complaint containing all of his claims against all defendants, and submit this one proposed amended complaint, along with a motion to amend in the form called for by Local Rule 15.1, and a brief in support of this motion.

3. We instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to

relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

4. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

5. Failure to comply with these instructions may result in the dismissal of this lawsuit and this order is entered without prejudice to the assertion of any

defenses or dispositive motions that the defendants may believe are appropriate with respect to any amended complaint. Further any amended complaint is subject to a screening review to determine whether it states a claim upon which relief may be granted.

SO ORDERED, this 3rd day of February 2022.

                                    */s/ Martin C. Carlson*
                                    Martin C. Carlson
                                    United States Magistrate Judge