United States District Court
Middle District of Pennsylvania

In Re: Matthew McShane, Plaintiff,
citizen of United States of America

Civ No. 3:21-cv-1396

V

All, Defendants Juridical Person(s) of Municipal Corporation Monroe County (Municipal Corporation
" person" and is included within the meaning of " person" for equitable relief sought.)

Office of Monroe County Recorder of Deeds
Office of Recorder of Deeds of Monroe County
In Care of: 610 Monroe Street, Suite 125 Stroudsburg, Pennsylvania [PA-18360]

Cindy Lee Treible, Director
Monroe County Tax Bureau
In Care of: Monroe County Administrative Building
One Quaker Plaza, Room 204 Stroudsburg Pennsylvania [PA 18360]

Virginia A. Salter, Pennsylvania State Constable
P.O. Box 502 Kunkletown Pennsylvania 18058

Monroe County Sherriffs Office , Authority of Municipal Charter of County of Monroe, organized
Under the Commonwealth of Pennsylvania as a 501-C3
610 Monroe Street Stroudsburg Pennsylvania [PA-18360]

George J. Warden, Clerk of Court et al;
Office of Prothonotary
610 Monroe St Suite 323 Stroudsburg Pennsylvania [PA-18360]

FILED
SCRANTON

MAR 0 4 2022

PER _____
DEPUTY CLERK

<u>Single Comprehensive Proposed Amended Complaint</u>

To the Honorable Judges of the District Court of the United States, The Middle District of Pennsylvania; Matthew McShane brings this his Bill of Complaint in Non Statutory Equity Under Article III of the United States District Court with respect to private trust matters against defendants and thereupon your orator complains and says and states his claim as follows:

Statement of Claim

1. Complainant claims that he is entitled to recovery of home at 935 Gilbert Road, Effort, Pennsylvania, he is due performance by trustees for trespass upon private property, for taking private property for public use without just compensation and relief from repeated irreparable injury.

2. Complainant claims that he intended to fully own the home he built. in fee simple at 935 Gilbert Road, Effort, Pennsylvania, and was in possession after the fact of making earnest money payment for Parcel ID 02/94073 and maintains equitable interest in the matter.

3. Complainant took possession of the same and did intend to and did build a house on top of the land and did create additional improvements upon the land.

4. Complainant claims that he recently discovered that the defendants acted in concert and in bad faith to deny the complainant good and honest services, and instead, performed in fraud acting as grantors and grantees of a fraudulent unsigned deed to induce complainant to act in fraud alongside the defendants.

5. Complainant claims that the multitude of fictitious names created, presented, utilized and enforced by defendants have created irreparable injury and loss to which he is entitled to recover from. The injury to the complainant consists of the total loss of his home, loss of years worth of labor he has put into the home, well over 1,000,000 dollars in materials, labor, maintenance, upkeep, beautification projects, damages and time spent building the home, improvements and all personal property, private intimate items, automobiles and pain and suffering as a result of the fraud.

6. Complainant claims that he is entitled to the full restoration and rights to his home, just compensation for taking private property for public use without just compensation, restoration of all missing family items or the equivalent in value of said missing items, to which there may be no monetary value placed upon missing items of sentimental value, such as family heirlooms and other personal intimate items, a perpetual injunction against all official fraud of Monroe County and others attempting to cause further injury by use of fictitious names, full conveyance

of the Parcel ID 02/94073 account to the complainant forever and any other relief that this court deems just.

### Averments

1. Complainant avers on the 29th day of September 2006, Complainant Matthew McShane avers that he did take possession of the land and land parcel ID # 02/94073.

2. In August 2016, complainant avers that the defendant Virginia A. Salter, Pennsylvania State Constable repeatedly, and knowingly over the the course of 4 years, attempted to serve the complainant repeated documents with fictitious names and fictitious obligations to which the complainant vehemently rejected to avoid fraud in the inducement. Complainant maintains that he refused service under fictitious name and maintained this very action and was ultimately punished for maintaining his proper right and interests. (Interaction with Virginia Salter was videotaped on August 17, 2019, where the defendant admitted that the name was incorrect).

3. In July 2016 through the day of this filing, complainant avers that he discovered fraudulent acts done by the defendants in bad faith, in what appears to be a scheme by Municipal Corporation, Monroe County to defraud the complainant and take his home by fictitious name and fictitious obligations directed by Cindy Lee Treible, Director.

4. Deed issued October 2, 2006 and recorded in defendant Office of Monroe County Recorder of Deeds, (Book number 2282, Page Number 8159- total pages 3) records reveals a fictitious name against the fee simple absolute and possessory right of the complainant. Complainant avers that this deed is fraudulent instrument intended as a intentionally defective grantor trust utilized by defendants to defraud complainant of his proper standing on the land purchased. Complainant claims that if there is an intentionally defective grantor trust created by the defendants' at any point in time, and equity imputes an intent to fulfill an obligation, then the defendants themselves who created the obligations are the obligees for the benefit of the complainant.

5. September 11, 2018, Complainant avers that he filed a claim/ complaint in Monroe County Court Common pleas against Cindy Lee Treible, Director of Monroe County Tax Claim Bureau where the names of the complainant and defendant were immediately converted to fictitious names as well as an altered identity of the intended defendant.

6. Complainant avers that Cindy Lee Treible, Tax Claim agent acted as grantor for the tax sale deed, without explicit signed consent. Complainant avers that his home was sold under similar fictitious name as agent without the proper notice of the complainant. Complainant avers that this was done under some form of interim trustee/ grantor identity with fictitious name as a diluted mark against the intent of the settlor to the further injury of the complainant.

7. September 11, 2019, complainant avers the Sheriffs office of Monroe County performed a Sheriff's Sale upon the home of the complainant under fictitious fraudulent identity directed by the defendant Cindy Lee Treible.

8. On September 10, 2021, complainant avers that 9 sheriffs deputies from Monroe County Pennsylvania came to the home with weapons, with no court order, without presenting any writ of possession for the home and removed the complainant from the house, stating that the complainant was being evicted. Complainant states that he was properly denied the right to be heard upon any eviction hearing or any opportunity to be heard with respect to ejectment cause which is proper since the complainant had an interest in the home, having built the home and without the intent to be subject to any fraudulent deed.

7. Complainant avers that the Clerk of Court's office, on multiple dates which will be presented during evidentary hearing, has impressed its seal on multiple fraudulent documents causing the enforcement, loss and injury to the complainant, by impressing the official seal upon all the fraudulent documents.

8. Complainant avers that he maintains that the fictitious name filed as grantee on the deed is invalid, and filed under fraudulent statutory rules and equity will not allow statutes to be used for fraud. This recorded fraudulent deed was done without signed consent on the face of the deed either as grantor or grantee and is an invalid deed imposed upon the right of the complainant, see; *Until a deed is accepted by the grantee, the title to the estate does not pass out of the grantor, for no man can make another his grantee without his consent, " and a deed made to a man with all requisite formalities, and even entered in the public registry, will be null if not afterwards accepted by the grantee. - A Digest of the Law of Real Property, Volumes 3-5, William Cruise, 1856.*

4

9. Complainant avers that upon further inspection of the documents created by the defendants, complainant discovered that nearly all documents presented by all of the defendants all showed fictitious names, dilution and alterations of the complainant's name indicating a form of fraud and swindle to remove the complainant from his proper person into an alternative form that ultimately caused the loss of his land and home by an upset sale done by the defendants and caused the complainant to be removed from his home by force, see: "A cause is known by its style, as a man is known by his name; and any change in the style of a cause is sure to create confusion, and may cause loss. A paper or order mis-styled may be stricken from the files on motion; and though copied into a transcript, may be ignored in the Supreme Court. Neither Solicitors nor Clerks are sufficiently careful about giving every cause its true and due style. So great has been the evil resulting, that Legislative action has been taken, prohibiting the Clerks from changing the style of any cause, or papers in the same, without permission of the Chancellor. - Besides, a change of style often results in the same cause being indexed under two or more different styles, in consequence of which it is difficult to find all the entries in a case and other important matters are thus left out of a transcript, thereby causing delay, confusion and loss". - Treatise on Suits in Chancery, Henry Gibson.

10. That complainant avers that he has shown cause whereof the fraud consisted, such as being provided fictitious other property to which he had no interest nor title by means of mis-styled name as real/ personal property belonging to nobody, failure of defendants to provide good and honest services, bad faith acts against the property of the complainant, unclean hands on behalf of the defendants, violation of the settlors intent, enforcement of an intentionally defective grantor trust, enforcement of fictitious obligations and is what is considered an illegal or immoral consideration under an intentionally defective grantor trust causing injury to the complainant. Complainant maintains equity abhors a forfeiture.

<u>Statement of Fact</u>

- Complainant states as fact that he is of age 21, of sound mind, has full knowledge of the facts, and is the original and proper grantor/ settlor of all matters prior to any fictions created as resultant trusts designed to cause irreparable injury to the original settlors intent.

- Complainant states as fact that a trust relationship has arisen with respect to the complainant and defendants and where good and honest services were expected, complainant received only bad faith, dishonest services and fraudulent acts against the right of the complainant. Complainant states that intentionally defective grantor trusts were formed without the signature, expressed consent, written consent with full refusal and failure to validate any debt upon repeated request, and defendants acting as fiduciary trustees under intentionally defective grantor trust have committed fraud against the complainant by taking his proper name and altering it, creating a public trust to which complainants interests were withheld, canceled and ultimately extinguished, causing complainant to receive no value for his consideration. Equity will not aid a volunteer and complainant has provided good and valuable consideration. Any deed without the consent of the grantee is unenforceable and void with no force and effect in law.

- Complainant states as fact that trustees have acted in breach of trust, by holding the earnest money collateral and failing to apply it to any alleged debt. Defendants, in their capacity who inflicted irreparable injury are all trustees, whether directly appointed by their official positions, assignments or resultant of the multitude of trusts created, see; The doctrine that Equity requires good works as well as good faith, is especially enforced against trustees, and all other persons, who act in a capacity of trust for others especially in a fiduciary capacity, such as executors, administrators, guardians, agents, receivers, clerks of courts and of individuals secretaries, treasurers, and other officers of firms, societies and corporations, book-keepers, guardians ad litem, next friends, attorneys and confidential advisors. Any of these persons, when acting for others in reference to matters of property or business entrusted to their care and management, is to that extent a trustee, and subject to all the obligations imposed by Courts of Equity on trustees, and held chargeable for all losses resulting from their want of due diligence, equally with losses resulting from downright bad faith. - Treatise of Suits in Chancery, Henry Gibson.

## Conclusion

- Complainant pleads clean hands with regard to the defendants unclean hands who have acted in fraud upon the property of the complainant to which he is wholly entitled to beneficial use and private quiet enjoyment and equitable relief and recovery of all losses stemming from the fraud.

- Defendants have used statutes to commit fraud, Complainant avers the following particulars; fraudulent or inequitable conduct in connection with the actions of the defendants:
  Where a written instrument has been obtained by fraud, accident, or mistake, and the defendant has it in his power, by a sale of the instrument, or property conveyed the instrument, to an innocent purchaser, to injure the complainant.

## Prayer for Relief

Complainant is with full knowledge of fact that justice is on his side, has acted in good faith, with clean hands and asks the court to show cause why he is not entitled to relief.

Complainant prays for special relief for injunction upon any further action pertaining to the home and Parcel ID and on any other causes emanating from Monroe County with respect to the home at 935 Gilbert Road, at Effort, Pennsylvania, and that Writ of Replevin issue to restore the complainant back to his home during the pendency of this suit, Further, Execute the Trust property where equity will impute an intent to fulfill an obligation, complainant will provide necessary evidence of private trust matters intended for execution at the proper time.

Wherefore, further plaintiff complainant prays that an account be taken of the profits realized by the defendants in the premises; that defendants, their agents, servants and employees be enjoined during the pendency of this suit, as well as on final hearing, from making any further fictitious records, recordings, transfers, sales, enforcement of fictitious names, fraudulent actions, and further injury.

Further relief requested where the defendants not benefit from their own wrong in attempting to and successfully evading the frequent requests for validation of debts of the complainant.

Void all actions against the complainant for fraud, where there is no grantee in the deed recorded in the Monroe Recorder of Records, nor formal acceptance by grantee thereby allowing for fictitious names, scandalous matter, fictitious obligations to be grantee nor grantor, thereby rendering all transactions deriving therefrom void and of no force and effect.

Complainant closes with the maxims that equity sees done which ought to have been done.

<u>Sworn Statement</u>

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3/4/2022

*Matthew McShane*
(Grantor/ Settlor)".

Complainant Matthew McShane
Post Office Box 11
Effort, Pennsylvania