UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW MCSHANE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-1396 |
| v. | : | (JUDGE MANNION) |
| AGENTS OF INTERNATIONAL MONETARY FUND, *et al.*, | : | |
| Defendants | : | |

# ORDER

Pending before the court is the September 15, 2022, report of United States Magistrate Judge Martin C. Carlson, which recommends that the defendants' motions to dismiss, (Docs. 32 and 34), *pro se* plaintiff Matthew McShane's amended complaint,[1] (Doc. 21), be granted. (Doc. 38). No objections have been filed by any party to Judge Carlson's report and the time within which they were due has lapsed.

---

[1] Judge Carlson notes in his report that Plaintiff's amended complaint named Monroe County, the Recorder of Deeds, Prothonotary, and Tax Bureau, along with the sheriff's office and a state constable as defendants. (Doc. 38 at 3). Each defendant filed or joined in the instant motions to dismiss, except Monroe County. To the extent Plaintiff intended to name Monroe County as a defendant, he never served the county, and thus his claims against the county should be dismissed. In any event, assuming Plaintiff did intend to name Monroe County as a defendant, his claims similarly fail for the reasons set forth in Judge Carlson's report as adopted herein since they are identical to his claims against the other defendants.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Since the report correctly states the procedural and factual background of this case, it will not be repeated herein.[2] Judge Carlson determined in his report that defendants' motions to dismiss should be granted on three grounds: (1) Under Local Rule 7.6 of the Rules of this court, Plaintiff shall be deemed not to oppose the motions; (2) Dismissal is warranted under Rule

---

[2] *See also McShane v. Agents of Int'l Monetary Fund*, No. 3:21-CV-1396, 2022 WL 3572700 (M.D. Pa. Apr. 11, 2022), *report and recommendation adopted,* No. CV 3:21-1396, 2022 WL 2610434 (M.D. Pa. July 8, 2022); *McShane v. Agents of Int'l Monetary Fund*, 2022 WL 601048 (M.D. Pa. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 287934 (M.D. Pa. Jan. 31, 2022).

41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute; and (3) The amended complaint fails as a matter of law.

As to the first ground, Local Rule 7.6 provides, in relevant part, "Any party opposing any motion, other than a motion for summary judgement, shall file a brief in opposition within fourteen (14) days after service of the movant's brief[.] Any party who fails to comply with this rule shall be deemed not to oppose such motion." "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" *Williams v. Lebanon Farms Disposal, Inc.*, No. 1:09-CV-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010), *report and recommendation adopted*, No. 1:09-CV-1704, 2010 WL 3703806 (M.D. Pa. Sept. 15, 2010) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)). Plaintiff failed to respond to defendants' motions within the 14-day window, then failed once again to respond after Judge Carlson ordered Plaintiff on August 30, 2022, to respond to the motions by September 12, 2022. As such, Judge Carlson recommends that the court apply the sanction of dismissal called for under Rule 7.6.

As to the second ground, Judge Carlson marched through the so-called *Poulis* factors which guide a district court's discretion in dismissing a

- 3 -

case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.³ With respect to each of the six factors, Judge Carlson found: (1) The failure to respond to the motions is entirely attributable to the plaintiff who has repeatedly failed to abide by court orders or respond to defense motions; (2) The defendants are clearly prejudiced by Plaintiff's continuing inaction which frustrates and delays the resolution of this action; (3) There is a consistent history of dilatoriness on Plaintiff's part; (4) Plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the court's instructions; (5) This case which involves a *pro se* litigant who will not comply with rules or court orders is not one where lesser sanctions than dismissal would be an effective alternative; and (6) Plaintiff's amended complaint is substantively flawed in a number of profound respects. As such, Judge Carlson found that each *Poulis* factor favors dismissal of this lawsuit.

As to the third ground, Judge Carlson found that Plaintiff's amended complaint fails as a matter of law because: (1) Given this court's decision dismissing a virtually identical lawsuit, the doctrines of *res judicata*, collateral estoppel, and issue preclusion compel dismissal of any of the previously

---

³ *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

litigated and settled claims that plaintiff attempts to bring in the amended complaint;[4] (2) The *Rooker-Feldman* doctrine[5] compels federal district courts to decline invitations like Plaintiff's in this case to conduct what amounts to appellate review of state trial court decisions; and (3) The state court agencies and officials whom Plaintiff names in the amended complaint are covered by several constitutional and common law immunities from lawsuits such as this one for claims arising out of the performance of their official duties.

The court has considered the findings in Judge Carlson's report and finds no clear error of law. Moreover, the court agrees with the sound reasoning which has led Judge Carlson to the conclusions in his report. As such, the report and recommendation will be adopted in its entirety as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson, **(Doc. 38)**, is

**ADOPTED IN ITS ENTIRETY AS THE RULING OF THE COURT**.

**(2)** The defendants' motions to dismiss, (Docs. 32 and 34), are

**GRANTED**.

---

[4] *See McShane v. Morris,* No. CV 3:21-1505, 2021 WL 3929747, at *1 (M.D. Pa. Sept. 2, 2021).
[5] *See Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008).

- 6 -

**(3)** Plaintiff's Amended Complaint, (Doc. 21), is **DISMISSED WITH PREJUDICE**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 10, 2022**
21-1396-03